UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO RENE GAVINO SANCHEZ, | No. 2:26-CV-01232-SAB |
| Petitioner, | |
| v. | **ORDER DIRECTING BOND** |
| MARKWAYNE MULLIN, Secretary of | **HEARING** |
| United States Department of Homeland | |
| Security; TODD BLANCHE, | |
| Acting United States Attorney General; | |
| TODD LYONS Acting Director, United | |
| States Immigration and Customs | |
| Enforcement; JULIO HERNANDEZ; | |
| Acting Seattle Field Office Director, | |
| Immigration and Customs Enforcement, | |
| and BRUCE SCOTT, Warden, Northwest | |
| ICE Processing Center, | |
| Respondents. | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No.

**ORDER DIRECTING BOND HEARING** #1

1. Petitioner is represented by Chelsea Jordan Sachau. Respondents are represented by Jordan Carter Steveson.

Petitioner Gilberto Rene Gavino Sanchez is a 38-year old native citizen of Mexico. He is currently detained at the Northwest Immigration Processing Center ("NWIPC"). Petitioner entered the United States in 2007. On September 27, 2011, Petitioner received a deferred prosecution agreement ("DPA") in Washington state court for driving under the influence and obstructing a law enforcement officer.

On March 18, 2016, Petitioner first entered ICE custody. He was ordered released on $5,000 bond by the Immigration Judge on April 7, 2016. Petitioner's bond order specified that conditional release was denied. Petitioner pursued relief by filing an immediate relative petition through his U.S. citizen wife.

On August 2, 2016, the Washington state DPA was revoked, and Petitioner was convicted of driving under the influence and obstructing a law enforcement officer.

Petitioner's removal proceedings were administratively closed on March 15, 2017.

On November 12, 2024, Petitioner was again charged with driving under the influence. On February 19, 2026, Petitioner plead guilty and was convicted of driving under the influence. That same day, Petitioner was re-detained by ICE when leaving the Whatcom County District Court in Bellingham, Washington. He has remained at the NWIPC ever since. On March 9, 2026, an immigration judge granted a motion by the Department of Homeland Security to reopen the immigration proceedings.

Petitioner now alleges that Respondent's failure to provide a hearing prior to re-detention violated Petitioner's right to due process.

Courts in this District have held that when a petitioner is released and later retained, that Petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office*

**ORDER DIRECTING BOND HEARING #2**

*Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). When determining whether a Petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026).  Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

As to the first factor, Petitioner's liberty interest in this matter, an alien who has been released from custody has a substantial liberty interest in remaining free from detention. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022) (finding petitioner had strong liberty in remaining out of custody when he had been released for two years). Here, Petitioner was initially released from detention on April 7, 2016, and was arrested by ICE agents on February 19, 2026. This extended period of time—nearly a decade—spent in the community creates a substantial liberty interest. Respondents contend that Petitioner's DUI offenses somehow diminish this liberty interest; however, they provide no citation for this assertion, and it is therefore unpersuasive. The first *Mathews* factor weighs in Petitioner's favor.

As to the second factor, the risk of an erroneous deprivation, Respondents do not dispute that Petitioner was re-detained without prior notice or explanation. Considering that Respondents' agency released Petitioner in 2016—with no conditions of release—the Court is here presented with a heightened risk of erroneous deprivation. In other words, the fact that Petitioner was released and

**ORDER DIRECTING BOND HEARING #3**

then re-detained without explanation (or a bond hearing to determine whether he presented a risk of flight or danger) weighs in Petitioner's favor. *See Rana*, 2026 WL 472800, at *4.

As to the third factor, Respondent's interest in the matter, Respondents contend they have a strong interest in determining whether removable aliens may be released on bond. While this may be true, it does not account for the minimal fiscal and temporal costs of holding a pre-detention hearing. In other words, any expense of money or time Respondents would need to conduct such a hearing is far outweighed by the risk of erroneous deprivation of Petitioner's substantial liberty interest. This factor weighs in favor of Petitioner.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2.      Within  fourteen (14) days of this order, Respondents must provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a).

    a. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) – there must be a contemporaneous record of the hearing, and Respondents bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

    b. The IJ shall allow Petitioner to present evidence of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

3.      **OR**, in the alternative, Respondents shall immediately release petitioner under appropriate conditions of release, if any.

4.      Within 2 business days of the bond hearing or release, Respondents shall file a status report confirming compliance with this order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or

**ORDER DIRECTING BOND HEARING #4**

denied, and if denied, the reasons for that denial.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of May 2026.

Stanley A. Bastian

United States District Judge

**ORDER DIRECTING BOND HEARING #5**