UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO RENE GAVINO SANCHEZ, | No. 2:26-CV-01232-SAB |
| Petitioner, | |
| v. | **ORDER GRANTING MOTION** |
| MARKWAYNE MULLIN, Secretary of | **FOR RECONSIDERATION** |
| United States Department of Homeland | |
| Security; TODD BLANCHE, | |
| Acting United States Attorney General; | |
| TODD LYONS Acting Director, United | |
| States Immigration and Customs | |
| Enforcement; JULIO HERNANDEZ; | |
| Acting Seattle Field Office Director, | |
| Immigration and Customs Enforcement, | |
| and BRUCE SCOTT, Warden, Northwest | |
| ICE Processing Center, | |
| Respondents. | |

Before the Court is Petitioner's Motion for Reconsideration, ECF No. 10. Petitioner is represented by Chelsea Jordan Sachau. Respondents are represented by Jordan Carter Steveson and Peter Hansen Clark.

**ORDER GRANTING MOTION FOR RECONSIDERATION** #1

On May 14, 2026, this Court granted the underlying Petition and ordered Respondents to hold a bond hearing. The immigration court held a bond hearing on May 20, 2026, finding Petitioner presented a risk of flight and danger to the community and denying release.

Petitioner now asks the Court to reconsider its prior decision and order his immediate release.

Courts in this District have held that when an immigration petitioner is released and later retained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026).  Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have previously determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana* 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore

**ORDER GRANTING MOTION FOR RECONSIDERATION #2**

the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, the Court previously found that the *Mathews* factors weighed in Petitioner's favor. However, at that time, the Court did not fully consider the due process implications presented by Petitioner's re-detainment. With that in mind, the Court finds that immediate release is appropriate to return Petitioner to the status quo that preceded the pending controversy. *See Tanner*, 316 F.2d at 809.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Reconsideration, ECF No. 10, is **GRANTED**.

2. **Within one (1) day of the date of this order, Respondents shall**

**ORDER GRANTING MOTION FOR RECONSIDERATION #3**

**release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.    Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4.    At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of June 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION #4**